OPINION. Arundell, Judge: These proceedings raise a question as to whether donations made to the teachers’ retirement fund by various benefactors constitute ordinary income in the hands of the members on distributions to them, or whether the gift characteristic carries through and the amounts received by the*members which are attributable to the .gifts are to be excluded from income by virtue of section 22 (b) (3) of the Internal Revenue Code.[1] The petitioners take the position that the receipts derived from the Loeb gift and bequest and from the institute payment come within the meaning of that section and do not represent taxable income in their hands. The Commissioner has determined that the amounts received by the petitioners in excess of the contributions to the fund constitute ordinary income under section 22 (a). A group of teachers organized a fund for their mutual benefit. Its primary purpose was to provide pensions or benefits termed “annuities” for its members upon their retirement. At the time the institute discontinued the services of the teachers a total of 10 of the 12 members of the fund were eligible for retirement. Membership contributions, donations received, and a small amount of earnings brought the fund’s assets to a total of just under $82,000. Thereafter it was agreed that if a plan providing a more satisfactory amount for distribution to each member could be formulated the institute would make a payment in an amount sufficient to cover the excess of the amount payable thereunder over and above the amount of the fund’s assets. Payments of some $58,000 were made by the institute to the fund and the agreed upon amounts were distributed to the members, all of whom executed general releases of any rights they may have had. Over the years 1907 to 1940 various of the institute alumni classes and individuals, exclusive of the Loeb gift and bequest, donated to the fund sums aggregating about $42,000. The money thus received was not designated to be of benefit to specific individual members of the fund, but was available for utilization in carrying out the general purpose of the fund and for meeting the expenses of its operation. The then members of the fund would have shared its benefits upon their retirement, but, had the institute maintained its teaching staff over a longer period, so might other teachers who were not then members. In these circumstances, we think it is clear that the gift characteristic does not follow through the fund into the hands of the members. The benefits of the pension fund were not available without consideration being furnished by the members. They had to comply with the terms of the constitution, which included a payment of $50 a year to the fund. They also had to continue teaching at the institute until they became eligible for retirement. By such participation the members earned their rights to fund benefits. Hence, the amounts received by the members which were attributable to the alumni donations were in the nature of compensation to the extent that they exceeded the members’ contributions. William J. R. Ginn, 47 B .T. A. 41. The principal of the Loeb gift and bequest amounting to about $22,500 constituted a trust fund. The question has been raised as to whether that sum stands on a different footing in the hands of the members. We think not. From the date of its receipt by the fund, income therefrom had been used for general purposes of the fund. By the removal of the trust restriction it merged into other fund assets and passed with those assets under the settlement agreement. In the hands of the members it occupies the same status as the alumni donations. We think a different treatment must be accorded the receipts attributable to the institute payments. It is apparent that the institute intended to make a gift to the members of the fund. While it is true that the members were all former employees of the institute, the fact remains that the payments were not intended as additional compensation to them. Two years earlier the institute had made severance payments to its employees who were being discharged, including the members of the fund. The institute was under no legal or moral obligation to do more. The fact that the payments made to fund members were somewhat less than those paid comparable employees who were not members does not deprive this later payment of its gift character. In determining the amount of severance payments to be made to the respective employees, the institute was free to take into account whatsoever factors it deemed appropriate. Moreover, a gift is none the less a gift because inspired by gratitude for past faithful service of the recipient. Bogardus v. Commissioner, 302 U. S. 34. After the institute had decided that it would like to make the gifts in question, it became necessary to obtain special approval by the state legislature. There is no indication that any such action was required before the severance payments were made. We do not think that the fact that the gifts were made through the fund to the members deprives the payments of their character in this instance. The situation is entirely different from the Loeb money and alumni donations. Here the institute intended the payments for specific individuals and in transmitting the gifts they were paid through the fund only for the purpose of adding the amount to that being paid the same individuals by the fund. The treasurer of the institute was the treasurer of the fund. The institute made its payment to the fund on July 7,1941, and on that same date the fund delivered the payment to the members. We have found that the sum of $7,019.86 received by petitioner Jensen and the sum of $5,394.11 received by petitioner Knowles were resultant from the institute’s gift, and, accordingly, we hold that those sums are not to be included in the gross income of the respective petitioners. We find no particular merit in the petitioners’ contention that the transaction amounted to a tax free distribution of trust principal or that it resulted as a long term capital gain from a distribution in complete liquidation under section 115 (c) of the Internal Revenue Code. The constitution of the fund contemplated the payment of retirement benefits termed “annuities.” In lieu of the monthly sums due and payable on retirement and in lieu of any other benefits given them under the constitution, the members agreed to accept lump sum payments which completely exhausted the assets of the fund. Such a settlement of the contractual rights of its members is not a distribution within the intendment of section 115 (c). Nor is the gain on the trans'action to be subjected to the capital gains provisions. It represents ordinary income. George A. Hellman, 33 B. T. A. 901; Frank J. Cobbs, 39 B. T. A. 642; petition for review dismissed, 111 Fed. (2d) 644; Ralph Perkins, 41 B. T. A. 1225; affd., 125 Fed. (2d) 150. We conclude that the petitioners are entitled to exclude from their gross income the amounts of their respective contributions to the fund and the amounts received by them as a gift from the institute. Reviewed by the Court. Decisions, will be entered under Rule 50. SEC. 22. GROSS INCOME. [[Image here]] (b) Exclusions prom Gross Income. — The following items shall not be included in gross income and shall be exempt from taxation under this chapter: ******* (3) Gifts, bequests, devises, and inheritances. — The value of the property acquired by gift, bequest, devise, or inheritance. There shall not be excluded from gross income under this paragraph, the income from such property, or, in case the gift, bequest, devise, or inheritance is of income from property, the amount of such income. For the purpose of this paragraph, if under the terms of the gift, bequest, devise, or inheritance, payment, crediting, or distribution thereof is to he made at intervals, to the extent that it is paid or credited or to be distributed out of income from property, it shall be considered a gift, bequest, devise, or inheritance of income from property.